CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 13, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION** ) | |
| **D/B/A U.S. BANK EQUIPMENT FINANCE** ) | |
|  ) | |
| **Plaintiff,** ) | Case No. 7:24-cv-00077 |
|  ) | |
| v. ) | Hon. Robert S. Ballou |
|  ) | United States District Judge |
| **JENNELLE'S CONSTRUCTION,** ) | |
| **PAVING AND SEALING INC.,** ) | |
|  ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case is currently before me on the motion for default judgment filed by Plaintiff U.S. Bank National Association d/b/a U.S. Bank Equipment Finance ("U.S. Bank"). For the reasons discussed below, the motion is **GRANTED**.

**I.     Background**

On January 1, 2024, U.S. Bank commenced this diversity action against Jennelle's Construction, Paving and Sealing Inc. ("Jennelle's").[1] The complaint contains three counts: two counts of breach of contract and one count of detinue. Because "[a] federal court sitting in diversity is required to apply the substantive law of the forum state. . . ",  I will apply Virginia law to these claims. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) (citations omitted). I also apply Virginia law to determine both whether U.S. Bank has a right to recover

---

[1] U.S. Bank seeks more than $75,000 in damages, exclusive of interest and costs, caused by Jennelle's' default on equipment financing loans. Dkt. 1 at ¶ 3. Jennelle's has its main place of business in Christiansburg, Virginia, and U.S. Bank's main office is in Cincinnati, Ohio. *Id.* at ¶¶ 1–2. I accept the well-pleaded allegations of fact in the Complaint as true. Therefore, this Court has jurisdiction over this matter because the parties are diverse and the amount in controversy is greater than $75,000.

any attorneys' fees, and the reasonableness of the fees claimed. *See Ranger Const. Co. v. Prince William County School Board,* 605 F.2d 1298, 1301 (4th Cir. 1979); *Rohn Prod. Int'l, LC v. Sofitel Capital Corp. USA*, No. CIV. WDQ-06-504, 2010 WL 3943747, at *4 (D. Md. Oct. 7, 2010) ("In a diversity case, absent a conflicting applicable federal rule of procedure, state law governs not only the actual award of attorneys' fees but also the method of determining those fees.") (quotation omitted)).

Jennelle's was served with process in February of 2024, and failed to answer or otherwise defend the action within the period permitted by the Federal Rules of Civil Procedure. On April 8, 2024, the Clerk entered default against Jennelle's pursuant to Federal Rule of Civil Procedure 55(a). U.S. Bank now seeks default judgment under Rule 55(b). No party having requested oral argument, and finding oral argument will not aid in my decision, this motion is ripe for adjudication.

**II.     Standard of Review**

U.S. Bank moves for default judgment against Jennelle's under Federal Rule of Civil Procedure 55(b), seeking damages for breach of contract and seeking injunctive relief in connection with its detinue claim. Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). In contrast, where a claim is not for a certain sum, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

A moving party is not entitled to default judgment as a matter of right, instead, "[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in

determining whether the judgment should be entered." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)) (citation omitted). Though "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" he does not admit conclusions of law. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(b)(6). Thus, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628, 1999 WL 598860 at *1 (4th Cir. 1999) (unpublished table opinion) (*citing Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

**III.    Analysis**

    **A.    Liability**

The Complaint and attached exhibits show that Jennelle's entered into an equipment finance agreement (the "1842 Agreement") with Crest Capital on August 10, 2022. Dkt. 1 at ¶ 6. Under the 1842 Agreement, Jennelle's financed the purchase a 2023 Red Hot Welding 12 Ton Trailer (VIN 1 S9R3CA2XPR763494), a 2012 LeeBoy 8510 LD *(*S/N 81167), a 2022 Wacker RD12A-90 1-1/2 Ton Roller *(*S/N WNCRD12LLPUM00525), and Stohl 36 Wide Ramps (the "1842 Equipment"). *Id.* at ¶ 7. On August 12, 2022, Crest Capital assigned the 1842 Agreement to U.S. Bank, including: ". . . all of [Crest Capital]'s right title, and interest in and to (a) the equipment covered by the Agreement and (b) [Crest Capital]'s rights under the Agreement, including the right to receive rent thereunder." Dkt. 9-2 at 1.

Jennelle's entered into a second finance agreement (the "9301 Agreement") with U.S. Bank on February 9, 2023. Dkt. 1 at ¶ 18. Under the 9301 Agreement, Jennelle's financed the

purchase of a 2023 Ford F750 (S/N 1FDXF7D X5PDF 11862) (the "9301 Equipment"). *Id.* at ¶ 19.

The terms of the 1842 Agreement and the 9301 Agreement (collectively, "the Agreements") are similar. Both oblige Jennelle's to make an initial payment and sixty equal monthly payments. As collateral for financing, both Agreements grant U.S. Bank a security interest in the corresponding Equipment. Dkt. 1-1 at 3; Dkt. 1-2 at 2.

The Agreements contain identical language describing the list of circumstances constituting a default, including: "You will be in default if. . . you do not pay any Payment or other sum due to us or you fail to perform in accordance with the covenants, terms and conditions of this Agreement. . . ." Dkt. 1-1 at 3; Dkt. 1-2 at 2. Both Agreements provide the remedies for default by Jennelle's, including, the right: to terminate the Agreements and demand full payment, with the future balance due discounted at 2% a year; to collect 12% default interest on any amount unpaid; to recover reasonable attorneys' fees and other legal expenses incurred by U.S. Bank in enforcing the Agreements; to prevent Jennelle's from using the Equipment; to repossess the Equipment; and to recover costs of repossession. Dkt. 1-1 at 3; Dkt. 1-2 at 2.

U.S. Bank alleges Jennelle's breached the terms of the Agreements by failing to make "all payments . . . as they came due" and is therefore in default on the Agreements. Dkt. 1 at ¶¶ 11, 23. U.S. Bank alleges it demanded payment and possession of the Equipment but received neither. *Id.* at ¶¶ 11, 23, 33.

U.S. Bank seeks a default judgment under the 1842 Agreement against Jennelle's in the amount of $113,414.54 with interest of 12% per annum from September 12, 2023, plus costs and attorney's fees incurred in obtaining this judgment. *Id.* at ¶ 16. Regarding the 9301 Agreement, U.S. Bank seeks a default judgment against Jennelle's in the amount of $161,468.67 in principal,

4

interest of 12% per annum from September 9, 2023, plus attorney's fees and costs. *Id.* at ¶ 28. U.S. Bank also seeks injunctive relief, requesting:

> (a) that a Writ of Possession issue for the seizure of the Equipment;
>
> (b) that Defendant or any other person in active concert with Defendant be restrained or enjoined from transferring, removing, or conveying the Equipment, or its proceeds and that any proceeds from any sale of the Equipment be turned over to U.S. Bank;
>
> (c) that this Court order a U.S. Marshal to recover possession of the Equipment;
>
> (d) for damages resulting from the unjust detention of the Equipment;
>
> (e) for attorneys' fees and cost pursuant to the Agreement;
>
> (f) for such other and further relief as is just and proper.

*Id.* at 6.

### B. Counts 1 and 2: Breach of Contract

In Counts 1 and 2, U.S. Bank asserts claims for breach of contract against Jennelle's. Under Virginia law, the elements for a breach of contract action are: (1) a legal obligation; (2) a violation or breach of that right or duty; and (3) a consequential injury or damage. *Brown v. Harms*, 467 S.E.2d 805, 807 (Va. 1996).

Upon review of the record, I find U.S. Bank established Jennelle's liability for breach of contract. The well pleaded allegations of fact show Jennelle's entered into a financing agreement with Crest Capital under the 1842 Agreement, later assigned to U.S. Bank, and a separate financing agreement with U.S. Bank under the 9301 Agreement. Both agreements are valid contracts, and Jennelle's has repeatedly failed to make payments when due under the Agreements. Dkt. 9-4 at 1–5. I find U.S. Bank's allegations and attachments sufficiently establish

5

Jennelle's breached its contracts with U.S. Bank, causing damages, and entitling U.S. Bank to judgment against Jennelle's.

### Count 3: Petition in Detinue

Count 3 is styled as a petition in detinue against Jennelle's. U.S. Bank seeks an order of repossession and damages related to the detention of the financed equipment. Under Virginia law, U.S. Bank can recover personal property unlawfully withheld through an action of detinue. Va. Code. Ann. § 8.01-114(A). To recover in detinue the following elements must be established: (1) the plaintiff must have a property interest in the thing sought to be recovered; (2) the plaintiff must have the right to immediate possession of the property; (3) the property must be identifiable; (4) the property must have some value; and (5) the defendant must have had possession of the property before the institution of the action. *Vicars v. Atlantic Discount Co.*, 140 S.E.2d 667, 670 (Va. 1965). When successful in detinue, plaintiffs can recover both the property and resulting damages. *Broad St. Auto Sales, Inc. v. Baxter*, 334 S.E.2d 293, 293–94 (Va. 1985).

A valid security interest attaches to property where (1) the secured party gave value; (2) the debtor has rights in the collateral; and (3) [there is] an authenticated security agreement describing the collateral. Va. Code Ann. § 8.9A-203(b). Here, U.S. Bank has sufficiently alleged a valid security interest in the Equipment. Crest Capital, the original financer for the 1842 Agreement, gave value for the security interest when it financed the purchase of the 1842 Equipment. Dkt. 1-1 at 2. U.S. Bank then obtained, by assignment, the "right, title, and interest" to the Equipment and the contractual rights Crest Capital held under the 1842 Agreement. Dkt. 1-1 at 1. The 9301 Agreement originated with U.S. Bank, which gave value for the security interest when it financed the purchase of the 9301 Equipment. Dkt. 1-2 at 2. Both financing agreements

provided funding for Jennelle's to purchase the Equipment, all of which was listed as collateral. I find U.S. Bank has an enforceable security interest in the Equipment it seeks to recover.

Jennelle's defaulted on its payment obligations under both financing agreements which provide for an immediate right to possession of the collateral upon default. Dkt. 9-2 at 3; Dkt. 9-3 at 2; Dkt. 9-4 at 1–5. The collateralized equipment has a value of approximately $166,256.00 as of August 2023. Dkt. 9-1 at 3–6; Dkt. 9-2 at 2; Dkt. 9-3 at 1; Dkt. 1 at ¶ 32. Accepting as true the well-pleaded allegations in the Complaint, I find U.S. Bank has sufficiently alleged an action in detinue under Virginia law. *See* Va. Code Ann. § 8.01-114.

## IV. Remedies

Having established liability, the Court must now determine the relief to which U.S. Bank is entitled. U.S. Bank seeks to recover: (1) all past due payments, late charges, the discounted future payment balance, pre-judgment interest, and post-judgment interest; (2) attorneys' fees and litigation costs; and (3) possession of the Equipment and injunctive relief. Dkt. 1 at ¶ 36.

### A. Counts 1 and 2: Breach of Contract

Jennelle's is liable to U.S. Bank for breach of contract. The record includes a sworn declaration from Brenda O'Toole, Senior Loss Mitigation Specialist at U.S. Bank, along with documentation of Jennelle's' payments for the Equipment. Dkt. 9-1 at ¶ 1; Dkt. 9-4; Dkt. 9-5. In her declaration, O'Toole states she has personal knowledge of U.S. Bank's business customs and practices, and that she is responsible "for the administration, supervision, and collection aspects of certain accounts, including the account that is the subject of this litigation." Dkt. 9-1 at ¶¶ 2–5. The declaration indicates, as of May 22, 2024, Jennelle's owed U.S. Bank $15,011.49 in past due payments, $3,493.34 in late fees, $256,378.38 in discounted future payments, and $23,115.79 in pre-judgment interest, for a total of $297,999.00. Dkt. 9-1 at ¶¶ 20, 32, 33. In

reviewing the record, I find U.S. Bank has pled sufficient allegations of fact to establish Jennelle's' liability for breach of contract on Counts 1 and 2, justifying an award of damages in the amount of $297,999.00, plus prejudgment interest from May 22, 2024 at the rate of 12% per annum.

U.S. Bank is also entitled to post-judgment interest. Post-judgment interest is mandatory per 28 U.S.C. § 1961(a), which provides: "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

### B. Count 3: Detinue

U.S. Bank has a right to injunctive relief in reclaiming its collateral. In its Complaint, U.S. Bank requests:

> a Writ of Possession for the seizure of the Equipment; that Defendant or any other person in active concert with Defendant be restrained or enjoined from transferring, removing, or conveying the Equipment, or its proceeds and that any proceeds from any sale of the Equipment be turned over to U.S. Bank; that this Court order a U.S. Marshal to recover possession of the Equipment; for damages resulting from the unjust detention of the Equipment; for attorneys' fees and cost pursuant to the Agreement.

Dkt. 1 at ¶ 36.

For the reasons set out above, I find U.S. Bank is entitled to possession of the Equipment and accordingly, I order U.S. Bank to file a proposed writ of execution with the Clerk of Court. The request for attorneys' fees and litigation costs is discussed below; the remaining requests will be discussed in the accompanying order.

### C. Attorneys' fees and litigation costs

Having established liability, U.S. Bank is entitled to recover attorneys' fees and litigation costs from Jennelle's. Both Agreements include the following provision:

> In the event of any dispute or enforcement of our rights under this Agreement or any related agreement, you agree to pay our reasonable attorneys' fees (including

> any incurred before or at trial, on appeal or in any other proceeding), actual court costs and any other collection costs. . . .

Dkt. 9-2 at 3; Dkt. 9-3 at 2.

U.S. Bank must prove the fees were "reasonable in the amount and reasonably incurred." *Hiss*, 112 S.E.2d at 876; *see also Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829, 833 (Va. 1998) (holding that a party seeking to recover attorneys' fees has the burden of proving *prima facie* that the fees sought are reasonable). To determine reasonableness, "a fact finder may consider, *inter alia,* the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate." *Chawla*, 499 S.E.2d at 833, (*citing Seyfarth, Shaw v. Lake Fairfax Seven Ltd. Partnership,* 480 S.E.2d 471, 473 (Va. 1997)). Additionally, "the professional skill and experience required by the case, the character and standing of the attorneys in their profession, whether the fee was an absolute or contingent one, the reasonableness of the hourly rates charged, the accuracy of the time billed, whether future services in connection with the case will be necessary, and 'other attendant circumstances' also impact the reasonableness of an award." *Double K Properties, LLC. v. Aaron Rents, Inc.*, No. 1:03CV00044, 2003 WL 22697218, at *3 (W.D. Va. Nov. 14, 2003) (*citing Mullins v. Richlands Nat. Bank*, 403 S.E.2d 334, 335 (Va. 1991)). However, the court is not required to consider each of these factors in every situation, but instead may note the factors relevant to its determination of the reasonableness of the requested fees. *W. Square, L.L.C. v. Commc'n Techs., Inc.*, 649 S.E.2d 698, 703 (Va. 2007). Finally, despite Jennelle's failure to contest the award of attorneys' fees, I must still review U.S. Bank's fee award request independently for reasonableness. *See Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011).

U.S. Bank requests an award of attorneys' fees in the amount of $5,902.50 and litigation costs in the amount of $538.80, supported by detailed billing statements and an affidavit from Ronald S. Canter, Esq. Dkt. 9-6 at ¶¶ 13–14. Birgit Stuart, Esq., employed at Canter's law firm, served as U.S. Bank's legal counsel, charging an hourly billing rate of $275.00. *Id.* at ¶ 12. Monica Lun, a paralegal at the same firm, charged $100 per hour. *Id.*

I find these billing rates are reasonable given the geographic location of the litigation and the legal professionals' experience levels. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Tazewell Oil Co., Inc. v. United Virginia Bank/Crestar Bank*, 413 S.E.2d 611, 621 (Va. 1992) (finding that expert testimony is not necessary where plaintiff provided detailed time records and affidavits of attorneys regarding the reasonableness of its rates). This court has previously found that a billing rate of $350 per hour was reasonable. *See Hudson v. Pittsylvania Cty., Va.*, No. 4:11CV00043, 2015 WL 3447821, at *3 (W.D. Va. May 28, 2015*)*; *Brown v. Mountain View Cutters, LLC*, 222 F. Supp. 3d 504, 513 (W.D. Va. 2016).

Here, the evidence submitted sets out Ms. Stuart's and Ms. Lun's hourly billing rates, and includes time records detailing the legal services provided, as well as an affidavit stating the fees incurred were appropriate and reasonable. *See* Dkt. 9-6. The billing records provide adequately specific descriptions as to the tasks performed. *Brown*, 222 F. Supp. 3d at 514 (noting that "the use of excessively vague time descriptions is a generally disfavored billing practice [because] [s]uch descriptions inhibit the court's reasonableness view") (citation omitted). On review of the record, I find the number of hours billed and the rates billed were reasonable.

The affidavit and attached exhibits indicate U.S. Bank incurred legal costs in enforcing the Agreements, totaling "$538.80, which includes the $405.00 filing fee, $73.14 for service of

process and $60.66 for Federal Express charges." Dkt. 9-6 at ¶ 14. I find the record supports awarding costs in the amount U.S. Bank requests. *See* Fed. R. Civ. P. 54(d)(1).

Accordingly, I find the requested attorneys' fees of $5,902.50 and litigation costs of $538.80 are reasonable and will be awarded.

### V.     Conclusion

For the reasons stated, I **GRANT** U.S. Bank's motion for default judgment. The court will enter judgment in favor of U.S. Bank and against Jennelle's consisting of money damages in the amount of $297,999.00 and attorneys' fees and litigation costs in the amount of $6,441.30, for a total amount of $304,440.30, with interest from May 22, 2024. The court will also award possession of the Equipment to U.S. Bank upon the latter's filing of a proposed writ of execution with the Clerk of Court.

It is so **ORDERED**.

Entered:  November 13, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge